**O**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWTHINK LLC, <br><br> Plaintiff, <br><br> v. <br><br> LENOVO (UNITED STATES) INC., <br><br> Defendant. | Case No. 2:12-cv-5443-ODW(JCx) <br><br> **ORDER GRANTING MOTION TO TRANSFER [28]** |

Defendant Lenovo (United States) Inc. moves to transfer this case under 28 U.S.C. § 1404(a) for *forum non conveniens* to the Eastern District of North Carolina. For the following reasons, the Court **GRANTS** Lenovo's motion.

## I. LEGAL STANDARD

In motions to transfer under 28 U.S.C. § 1404(a) for *forum non conveniens*, courts have broad discretion to adjudicate "according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Factors that the court may consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, . . . (8) the ease of access to sources of proof, . . . [(9)] the presence of a forum selection clause[,] . . . [and (10)] the relevant public policy of the forum state.

*Id.*

Lenovo contends that the best forum to litigate this patent lawsuit is the Eastern District of North Carolina because: Lenovo's principal place of business is there (Mot. 4); the bulk of the relevant evidence in this case will come from Lenovo's witnesses and documents located in North Carolina (Mot. 6–7); and the cost of litigating in North Carolina will be less than in California because of Lenovo's presence there and the relative proximity of Plaintiff Newthink's witnesses (Mot. 7–8).

On the other hand, Newthink opposes the transfer and asserts that: Newthink's choice of forum should be given great deference (Opp'n 6, 8); the transfer is only convenient for Lenovo and not Newthink (Opp'n 9–10); litigating in North Carolina would increase Newthink's costs because it retained California-based attorneys (Opp'n 10); Lenovo has a meaningful presence in California (Opp'n 8); and keeping this case here will promote judicial efficiency since a second patent infringement case was recently filed by Newthink (Opp'n 12.)

First, a plaintiff's choice of forum should be given substantial weight, except that this weight is reduced if the plaintiff does not reside in that district. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). Newthink resides in Florida and provides no evidence that it has any activity in this district, save for that of its attorneys. Thus, this factor only weighs slightly in Newthink's favor.

Second, the most important factors in this transfer analysis are the convenience and cost of attendance of witnesses. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Even though neither Lenovo nor Newthink has identified any Lenovo or third party witnesses, the Court concludes that the Eastern District of North Carolina is the most convenient and cost effective forum for the witnesses in this case. In patent cases, the bulk of the discovery comes from the "center of gravity of the accused activity," and the case should be litigated as close as possible to this center. *See Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005). It is logical that most of Lenovo's witnesses—whether in engineering, manufacturing,

marketing, or management—would be located at its U.S. headquarters in Morrisville, North Carolina. For these witnesses, the most convenient forum is obvious. But not all relevant witnesses are in North Carolina—it is likely that some may be located at one of Lenovo's overseas facilities. For these overseas witnesses, the Court finds that North Carolina is still the most convenient U.S. forum because: (1) the difference in travel time and travel cost to North Carolina versus California is minimal despite the additional distance; (2) it is likely these witnesses will be deposed overseas, as opposed to in the U.S.; and (3) if these witnesses do travel to the U.S. for discovery or trial, it will be more convenient for them to go to Lenovo's U.S. headquarters (and possibly attend to their regular duties while at a corporate hub) than to be marooned in California. And as for Newthink's two witnesses, both located in Florida—the inventor and principal of Newthink, and the prosecuting patent attorney—North Carolina is a little closer, and therefore more convenient, than California. In sum, these two factors heavily weigh in favor of Lenovo.

Third, as for access to proof and the remaining cost considerations, these are also in favor of transferring the case to North Carolina. Lenovo's documents are primarily located in North Carolina, even though some may be at its overseas facilities. And even if these documents could be produced electronically, the cost of litigation will still likely be less if the case was venued in the forum where these documents are located. *Patent Mgmt. Found., LLC v. Analog Devices, Inc.*, No. C 10-03630 SBA, 2011 U.S. Dist. LEXIS 7389, at *13–14 (N.D. Cal. Jan. 20, 2011). And as for the convenience of Newthink's California-based attorneys, the location of Newthink's counsel "is immaterial to a determination of the convenience and justice of a particular forum." *Szegedy v. Keystone Food Prods.*, No. CV 08-5369 CAS (FFMx), 2009 U.S. Dist. LEXIS 83444, at *19, n.4 (C.D. Cal. Aug. 26, 2009). Further, the parties offer no other rationale why litigating in North Carolina would be costlier than in California.

/ / /

Fourth, the remaining relevant factors are neutral. This case is in its infancy and the Court's familiarity with this case is minimal. The fact that a second case was filed by Newthink asserting the same patent against a third party suggests that some judicial economy can be had if both cases are ultimately handled by the same judge. Yet at this stage, that observation is highly speculative since that second case may also be transferred to a different venue, or may reach an early settlement. Finally, even though Lenovo sells its products and has some employees in this district (Lenovo sells its products and likely has some employees in nearly every district in the U.S.), that is irrelevant in this analysis since this district is not the center of Lenovo's operations.

## II. CONCLUSION

Lenovo's motion to transfer to the Eastern District of North Carolina is **GRANTED**.

**IT IS SO ORDERED.**

December 4, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**